UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x
AVON GROUP LLC and CC OF R LLC,      :
                                  :           ORDER

       Plaintiffs,             :
                                  :

       v.                    :          12-CV-3827 (ER)
                                  :

MOSDOS CHOFETZ CHAIM INC., YESHIVA :
CHOFETZ CHAIM, UNITED STATES OF    :
AMERICA, B&Z DEVELOPMENT, INC., CCU :
LLC, CERTIFIED LUMBER CORPORATION, :
PRECAST CONCRETE SALES COMPANY,  :
MICHAEL HAKIM, ORANGE & ROCKLAND :
UTILITIES, MARTY AND DOROTHY       :
SILVERMAN FOUNDATION, VILLAGE OF  :
CHESTNUT RIDGE, VILLAGE OF         :
MONTEBELLO, VILLAGE OF POMONA,    :
VILLAGE OF WESLEY HILLS, MILTON    :
SHAPIRO, SONYA SHAPIRO, COLD SPRING :
GRANITE CO., and "JOHN DONE 1" to "JANE :
DOE 100, inclusive, the last one hundred names :
being unknown to Plaintiff, the defendant last :
named in the quotation marks being parties all of :
whom claim some right or interest in the mortgaged :
premises as tenants for a period of more than one :
year or otherwise,                    :
                                  :
       Defendants.           :
————————————————————————x

RAMOS, D.J.:

       Plaintiffs Avon Group LLC and CC of R LLC filed this foreclosure action in the

Supreme Court of Rockland County, New York on February 15, 2012, seeking to foreclose two

mortgages valued at $12,800,000 (the "Avon Mortgage") and $203,000 (the "CC of R

Mortgage").  Nachum Brody, who claimed to be a John Doe Defendant as defined in the

Complaint, removed to this Court on various bases.  (Doc. 1).  Plaintiffs, by order to show cause,

seek to have the case remanded.  (Doc. 3).  They also seek an award of costs and actual

expenses, including attorney fees.  The Court holds that the removal was improper and REMANDS the case to state court.  The Court further holds that Mr. Brody lacked an objectively reasonable basis to remove this case and therefore awards Plaintiffs costs and actual expenses, including attorney fees.


## BACKGROUND

### Parties

Plaintiffs brought this action to foreclose on a 60-unit residential property ("the Property") in the Town of Ramapo, New York.  Compl. ¶ 29, 28.  Plaintiffs Avon Group LLC and CCR of R LLC each hold separate notes and mortgages on the Property.  *Id.* ¶¶ 59, 38.  Defendant Mosdos Chofetz Chaim, Inc. ("Mosdos") owns the Property.  *Id.* ¶ 11.  Plaintiffs allege that Mosdos is in default on both of the Mortgages.  *Id.* ¶¶ 68, 44.

The other named Defendants all have an alleged interest in the Property.  Defendant Yeshiva Chofetz Chaim ("YCC") is a guarantor on the Avon Mortgage and Mosdos' note to Avon.  *Id.* ¶ 12.  Defendants B&Z Development, Inc., CCU LLC, Certified Lumber Corporation, Precast Concrete Sales Company, Michael Hakim, Orange & Rockland Utilities, and the Marty and Dorothy Silverman Foundation all hold judgments against Mosdos or YCC.  *Id.* ¶¶ 14-20.  Defendants Milton Shapiro and Sonya Shapiro and the municipal Defendants—the Villages of Chestnut Ridge, Montebello, Pomona, and Wesley Hills—all are plaintiffs in a state lawsuit against Mosdos "challenging the zoning and use of [the Property] by Mosdos."  *Id.* ¶ 21.  Defendant Cold Spring Granite Co. holds a mechanics lien on the Property.  *Id.* ¶ 22.

The United States waived sovereign immunity and allowed itself to be named as a Defendant due to tax liens the government has on the Property.  *Id.* ¶ 23.  The John and Jane Doe

Defendants are individuals "who may have interests in [the Property as tenants,] including leasehold interests in excess of one year." *Id.* ¶ 25.

**Procedural History**

Plaintiffs filed their complaint in the Supreme Court of Rockland County, New York  on February 15, 2012.  On the next day, the state court appointed a temporary receiver who was empowered to collect rents on the Property for the benefit of the foreclosing Plaintiffs.  *See* Def.'s Notice of Removal Ex. A (Order Appointing Temporary Receiver at 3).

The Parties were to appear again before the state court on May 17, 2012.  Pl.'s Mem. at 1. At that time three fully briefed motions in this matter were pending before that court.  Silverberg Aff. ¶ 5.  Not long before the conference, on May 9, 2012, the court had also received a letter from the Receiver, who expressed frustration with Mosdos' failure to cooperate with his requests.  *See* Zalantis Aff. Ex. N.

But on May 14, Nachum Brody, who resides at the Property and claims to qualify as a John Doe Defendant, filed a Notice of Removal in this Court, thereby causing the cancellation of the May 17 conference in state court.  Notice of Removal ¶¶ 2-3.  On May 18, by an Order to Show Cause, Plaintiffs sought an order remanding this case to state court and awarding them costs and actual expenses, including attorney fees.

**DISCUSSION**

Plaintiffs argue this Court lacks jurisdiction over this case and, therefore, removal was improper.  *See* Pl.'s Mem. at 1.  They also assert that because Mr. Brody was not a named defendant in the state court action and does not qualify as one of the John Doe Defendants, he

could not remove the case.[1]  *See id.*  Finally, they contend that even if Mr. Brody had standing to remove the case and the Court had jurisdiction over the case, the removal was improper because he did not obtain the consent of all Defendants.

**Removal Jurisdiction**

Mr. Brody's Notice of Removal offers three bases for subject matter jurisdiction.  First, it claims federal question jurisdiction on the ground that the Plaintiffs' complaint "states a potential claim for relief arising under the Supremacy Clause of the United States Constitution" because it relies on a federal bankruptcy court order.  Def.'s Notice of Removal ¶¶ 5-6.  Second, it claims that the state case is removable as "a case related to Bankruptcy proceedings."  *Id.* ¶ 7.  Third, it claims diversity jurisdiction.  *Id.* ¶ 8.

*Federal Question Jurisdiction*

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id.* § 1331.  "A cause of action arises under federal law only when the plaintiff's 'well-pleaded complaint'

---

[1] Even if there were an appropriate basis for removal in this case, it is unclear whether Nachum Brody would be an appropriate party to remove it.  The removal statute states that only a defendant may remove a case to federal court.  *See* 28 U.S.C. § 1441(a).  Mr. Brody was not a named Defendant in the state court Complaint, *see* Compl. at 1, but claims that he qualifies as a John Doe Defendant.  There is not much case law on whether John Doe Defendants may remove a case from state court, but at least one federal district court has implicitly allowed it.  *See Neng Por Yang v. Nutter*, No. 10-cv-4389, 2011 WL 2746191 at *4 (D. Minn. July 14, 2011).

The problem for Mr. Brody is that his claim to be a John Doe is questionable.  The Complaint names as John Does those persons "who may have interests in [the Property,] including leasehold interests in excess of one year."  Compl. ¶ 25.  Mr. Brody states that he resides at the Property.  Def.'s Notice of Removal ¶ 2.  He has attached to an affidavit a three-year housing agreement with Mosdos.  *See* Nachum Aff. Ex. A.  But the housing agreement submitted in support of his claim explicitly provides that he pays no rent for his housing, *see id.* ¶ 4, so it is not clear whether he has a "leasehold interest" in the property.

However, the Court need not resolve the issue of Mr. Brody's standing to remove because, as explained below, he lacks a jurisdictional basis to remove this case, and he failed to obtain the consent of all Defendants.

raises an issue of federal law." *New York v. Shinnecock Indian Nation*, — F.3d —, 2012 WL 2369192 at *3 (2d Cir. June 25, 2012) (quotation omitted).

"A cause of action raises an issue of federal law only when a right or immunity created by the Constitution or laws of the United States is an essential element of the cause of action." *Id.* (brackets, ellipses, and quotation omitted). "It is not enough that the complaint anticipates a potential federal defense . . . even if the parties concede that the defense is the only disputed issue in the case." *Id.* (citations omitted).

The Complaint in this case lists twelve causes of action: appointment of a receiver; reformation of the CC of R Mortgage; foreclosure of the CC of R Mortgage and the Avon Mortgage; requests for a deficiency judgment on the Mortgages; foreclosure of liens; fraud; unjust enrichment; and three causes of action under the New York State Religious Corporation Law. *See generally* Compl. ¶¶ 76-163. Each of these causes of action is unambiguously based in New York state law.

The Second Circuit has explained that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at *4 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)). A recent Supreme Court case finding federal question jurisdiction where no federal cause of action was alleged explained that the state law claim "necessarily raise[d] a stated federal issue, actually disputed and substantial" *Grable*, 545 U.S. at 314 (quoted in *Shinnecock*, 2012 WL 2369192 at *5). This is not such a case.

The purported basis of federal question jurisdiction is Mr. Brody's claim that "[P]laintiffs are seeking relief arising directly from the Bankruptcy Court Order" and that "the question of

whether the Bankruptcy Court Order supersedes New York State Law is a matter of interpretation of federal law[, i.e.,] the Supremacy Clause."  Def.'s Mem. at 3.

The Complaint does indeed reference an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Order") in its purported causes of actions under the New York Religious Corporation Law.  *See* Compl. ¶¶ 110, 111, 113, 118-21, 127, 130-32, 135-36.  The Bankruptcy Order relates only to the Avon Mortgage.  *See id.* ¶ 110.  However, a close reading of the Complaint shows that they are not alleging causes of action under the Religious Corporation Law or bankruptcy law, but rather are attempting to preempt what they take to be a potential defense.

For example, under the Seventh Cause of Action, Plaintiffs allege:  "Upon information and belief Mosdos has made allegations that the issuance of the Avon Mortgage occurred without compliance with Religious Corporation Law."  *Id.* ¶ 108.  They then claim that the mortgage was in compliance with that law, but ask that "in the event [that the state court] determines that there has not been strict conformity with the requirements of the Religious Corporation Law," the court relieve them of the requirements under that statute on the ground that the Bankruptcy Order supersedes it.  *See id.* ¶ 111.  They make similar requests in the other two claims that reference the Religious Corporation Law and the Bankruptcy Order.  *See id.* ¶¶ 113, 139.

So the Complaint does not allege a cause of action under federal law or even a federal defense.  At most a federal court order may be relevant here to an *anticipated* state law defense.  Of course, Defendants need not raise that defense, and, even if raised, the state court need not address it if it finds, as Plaintiffs assert, that the mortgage complied with the Religious Corporation Law.  Even if the court did address the relationship between the federal court order

6

and the possible state law defense, there is no reason to believe that would be a substantial federal issue.

"Because the complaint's references to federal law only anticipate and refute the [Defendants'] defenses, they do not give rise to federal question jurisdiction." *Shinnecock*, 2012 WL 2369192 at *4 (emphasis added and quotation omitted).  Accordingly, federal question jurisdiction cannot serve as the basis for removal.

*Jurisdiction By Virtue of Relation to a Bankruptcy Proceeding*

Mr. Brody offers, as another basis for removal, a statute entitled "Removal of claims related to bankruptcy cases," which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).  Title 28 U.S.C. § 1334 is the provision that gives federal district courts original jurisdiction over bankruptcy matters. *See id.* § 1334(a).

The Second Circuit has interpreted the "related to" language in 28 U.S.C. § 1452(a) broadly, holding that "[f]or the purposes of removal jurisdiction, a civil proceeding is 'related to' a [T]itle 11 case if the action's outcome might have any conceivable effect on the bankrupt estate." *Parmalat Capital Finance Ltd. v. Bank of America Corp.*, 639 F.3d 572, 578 (2d Cir. 2011) (quotations omitted); *see also Fried v. Lehman Bros. Real Estate Associates III, L.P.*, No. 11-cv-4141 (BSJ), 2012 WL 252139 at *3-4 (S.D.N.Y. Jan. 2012) (applying *Parmalat* in the context of 28 U.S.C. § 1452).

The weakness in Mr. Brody's argument here is that Mosdos—the party to be foreclosed on—is not in a bankruptcy proceeding.  It is YCC, which is the guarantor on the Avon Mortgage, that is bankrupt.  Moreover, YCC is a potentially liable defendant on only one of twelve causes

of action—the potential deficiency judgment on the Avon Mortgage.  *See* Compl. ¶ 145.  It would clearly be wasteful for the Bankruptcy Court to concern itself with Plaintiffs' substantial claims against Mosdos because YCC agreed to guarantee one of Mosdos' mortgages, but because the Second Circuit uses the extremely broad "any conceivable effect" interpretation, the Court decides not to resolve this issue for the reasons that follow.

Even if the Court decided that, notwithstanding the tenuous connection between YCC's bankruptcy and Plaintiffs' claims against Mosdos, that this suit could have a conceivable effect on the YCC estate, the Court would be required to abstain from hearing this case.  As Plaintiffs correctly point out, *see* Pl.'s Mem at 8, the bankruptcy jurisdiction statute provides that

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under [T]itle 11 but not arising under [T]itle 11 or arising in a case under [T]itle 11 with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall* abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C.A. § 1334(c)(2) (emphasis added).  This is a proceeding based both on state law claims and state law cause of action.  It does not arise under Title 11 or arise in a case under Title 11.  Because there is no federal question jurisdiction or—as will be explained below—diversity jurisdiction, this case also could not have been commenced in federal district court absent this section.  It was commenced in state court.  The only question left for the purposes of § 1334(c)(2) is whether it could be timely adjudicated in that forum.

The Second Circuit recently explained that "Four factors come into play in evaluating § 1334(c)(2) timeliness: (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the [T]itle 11 bankruptcy proceeding to which the state law claims are related;

and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." *Parmalat*, 639 F.3d at 580.

These factors weigh in favor of mandatory remand. The state court has already appointed a receiver, and there are three fully briefed motions pending before that court now. *See* Silverberg Aff. ¶ 5. The issues presented are New York mortgage and foreclosure law—areas that are better suited to the expertise of a state court than a federal district court.

Moreover, even if these considerations did not satisfy the mandatory remand provision of § 1334(c)(2), they satisfy the discretionary remand provision of § 1452(b), which states that: "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Because this Court would be required to remand this case under 28 U.S.C. § 1334(c)(2), and would in any event remand under the discretion afforded by 28 U.S.C. § 1452(b), this case's purported "relation to" the YCC bankruptcy proceeding cannot serve as the basis for removal jurisdiction.

*Removal Jurisdiction: Diversity*

Mr. Brody claims diversity jurisdiction on the ground that the Plaintiffs are New Jersey citizens and "[t]he defendants named in the State Court action that have a real and meaningful interest (as opposed to nominal interest) in the litigation are all citizens of the State of New York." Def.'s Notice of Removal ¶ 8.

The most obvious flaw in Mr. Brody's argument is that diversity jurisdiction in this case would violate the forum defendant rule, which provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Most if not all Defendants in this case—recall that Mr. Brody

is claiming *all* Defendants in this case—are New York citizens.  Therefore, in the absence of

some other basis for jurisdiction, they cannot remove a case from New York state court to

federal court.

Mr. Brody acknowledges this and weakly points out that the forum defendant rule does

not preclude jurisdiction if there are other bases for jurisdiction.  *See* Def.'s Notice of Removal ¶

8.  But none of Mr. Brody's proposed bases for jurisdiction is valid, so the case was improperly

removed.

**Consent of Defendants**

As this Court recently explained, "[a]lthough 28 U.S.C. § 1441 does not explicitly require

that all defendants join a notice of removal, 'the removal statute has consistently been interpreted

to require that all defendants consent to removal within the thirty day period.'"  *In re Village of*

*Kiryas Joel, N.Y.*, No. 11-cv-8494 (ER), 2012 WL 1059395 at *3 (S.D.N.Y. March 29, 2012)

(quoting *Payne v. Overhead Door Corp.*, 172 F.Supp. 2d 475, 477 (S.D.N.Y. 2001)).

"The failure of any defendant to provide its written consent within the thirty-day period

constitutes a fatal procedural defect in the removal procedure and warrants a remand of the

case."  *Id.* (citing *Thomas and Agnes Carvel Found. v. Carvel*, 736 F.Supp. 2d 730, 740

(S.D.N.Y. 2010)).

In this case, only two of the seventeen named Defendants—Mosdos and YCC—

affirmatively consented to the Notice of Removal.  *See* Def.'s Mem at 2; *see also* Murphy Aff.

Ex. C.  Mr. Brody claims that the other fifteen named Defendants are all nominal.  *See id.* at 5.

The Court need not resolve whether each of the fifteen non-consenting named Defendants are

nominal because it is sufficient that at least one non-consenting Defendant is not nominal.

Cold Spring Granite Co. is not a nominal party.  Cold Spring was named as Defendant in the Complaint as a holder of a mechanics lien against the Property.  Compl. ¶ 22.  Plaintiffs attached the lien certification in a filing with the Court.  *See* Silverberg Aff. Ex. D at 7 (identifying Cold Spring Granite Co. as lienor).  Cold Spring affirmatively objected to the removal.  *See* Zalantis Aff. Ex. C.  Therefore, Cold Spring's objection violates the rule of unanimity.

In a case strikingly similar to the instant case, the district court held that removal of a state foreclosure action was improper because only three of the fifteen defendants had consented to removal.  *MB Financial Bank, N.A. v. 56 Walker, LLC*, No. 11-cv-5538(JGK), 2011 WL 6338808 at *1 (S.D.N.Y. Dec. 19, 2011).  The removing defendants argued that the non-consenting defendants were nominal because their only interest in the case was that they held a lien on the property to be foreclosed.  *Id.* at *3.  The court disagreed, holding that "some of the defendants who did not join in the removal are lien holders whose interests are sought to be affected by this action and thus cannot be characterized as nominal parties."  *Id.*

Mr. Brody's only response is to argue the merits of Cold Spring's lien claim.  *See* Def.'s Mem at 6-7.  But even if Mr. Brody were correct, his argument would be inapposite.  "A failure to adequately plead a claim against a particular defendant does not, alone, make him a nominal party."  *Heller v. New York City Health and Hosps. Corp.*, No. 09-cv-6193 (LTS), 2010 WL 481336 at *3 (S.D.N.Y. Feb. 1, 2010).  Because Mr. Brody failed to obtain consent of at least one of the non-nominal Defendants in this case, his removal was improper and the case must be remanded.

**Attorney Fees**

Plaintiffs contend that, because Defendants improperly removed this case, this Court should award them attorney's fees and costs.  Congress has provided that "[a]n order remanding [a] case [for lack of jurisdiction] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

An almost identical request for attorney fees came before the district court in *MB Financial*, discussed above.  As in the instant case, the defendants there made the same objectively unreasonable arguments for removal.  The Court granted attorney fees, explaining:

> [T]here were procedural defects which rendered the removal of the action objectively unreasonable.  First, not all of the defendants consented to the removal, which is required for removal to be proper.  The removing defendants assert that their failure to obtain the consent of all defendants was reasonable because they believed many of these defendants to be nominal parties from whom consent was not required.  However, it is clear that some of the defendants who did not join in the removal are lien holders whose interests are sought to be affected by this action and thus cannot be characterized as nominal parties.  Thus, it was objectively unreasonable to remove this action without the consent of these defendants.

*MB Financial*, 2011 WL 6338808 at *3 (citations and footnotes omitted).  The *MB Financial* Court also noted that in *Sherman v. A.J. Pegno Constr. Corp.*, 528 F.Supp.2d  320, 331 (S.D.N.Y. 2007), another district court in this district had concluded that "defendants lacked objectively reasonable basis to remove action where they were aware that one of the defendants had not joined in seeking removal but disregarded this fact."  *MB Financial*, 2011 WL 6338808 at *3.

In this case, Mr. Brody failed to obtain the consent of fifteen of the seventeen named Defendants.  Indeed, the record does not appear to support the inference that he even tried.  A reasonable removing party in his situation would have been on notice that none of the lienholders would be considered nominal because of their *actual*, *asserted* interest in this action, particularly

in light of the recently decided *MB Financial* case. Accordingly, Mr. Brody also lacked an objectively reasonable basis for jurisdiction of this case. The Court therefore awards costs and actual expenses, including attorney fees to Plaintiffs.[2]


**CONCLUSION**

For the foregoing reasons, the relief Plaintiffs requested in their Order to Show Cause is GRANTED and this matter is REMANDED to the Supreme Court of Rockland County, New York. Plaintiff's motion for costs and actual expenses, including attorney fees is GRANTED. The Clerk of the Court is directed to remand the entire case to the Supreme Court of Rockland County, New York.

It is SO ORDERED.

Dated: July 13, 2012
White Plains, NY

Edgardo Ramos, U.S.D.J.

---

[2] The *MB Financial* Court also held that "the removing defendants [in that case] lacked an objectively reasonable basis for removal because federal question jurisdiction was plainly unavailable." *Id.* at *2. Federal question jurisdiction was likewise plainly unavailable here given the well-pleaded complaint rule. The lack of diversity jurisdiction was similarly plain given the forum defendant rule. Even if removal jurisdiction were available under § 1452(a) as a matter related to a bankruptcy proceeding, it was plainly unavailable due to the mandatory remand rule of § 1334(c)(2) and the pending state court motions.
        To be clear, the Court need not conclude that Mr. Brody's removal was objectively unreasonable both because of the non-consenting defendants and the lack of removal jurisdiction. Either alone would suffice. But in this case, the removal was doubly objectively unreasonable.